| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico TRIBUNAL DE APELACIONES PANEL ESPECIAL | | |
| JEANNETTE MARIE BÁEZ VALLECILLO, SUZETTE BÁEZ VALLECILLO Y LUIS BÁEZ VALLECILLO Recurridos V. LYBIA GRISSELLE VIENTÓS PACHECO, LUISA G. BAÉZ VIENTÓS Y MARÍA L. BÁEZ VIENTÓS Peticionarios | TA2025CE00508 | *Certiorari* Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan Sobre: División o Liquidación de la Comunidad de Bienes Hereditarios Caso Núm.: SJ2023CV10261 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez.

Rodríguez Casillas, juez ponente.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 11 de diciembre de 2025.

Comparecen ante nos *Jeannette Marie Báez Vallecillo, Suzette Báez Vallecillo y Luis Báez Vallecillo* (en conjunto, "Peticionarios" o los "Hermanos Báez Vallecillo"), para que revisemos la *Resolución Interlocutoria*, emitida y notificada el 8 de septiembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, "TPI" o "foro de instancia"). En lo pertinente, el TPI concedió un término adicional al contador partidor designado por la ejecutora universal para preparar el cuaderno particional y reiteró las facultades y funciones que ostenta el mismo en el presente caso.

Evaluada la totalidad del expediente, **denegamos** la expedición del auto de *certiorari* solicitado.

**-I-**

A continuación reseñamos el tracto procesal pertinente a la controversia que nos ocupa.

El **31 de octubre de 2023** los **Peticionarios** (coherederos de la Sucn. de Luis Báez Díaz) presentaron una *Demanda* sobre *Acceso a Documentos para la Preparación de Inventario de Caudal Relicto y Participación en Procedimiento de Avalúo,* contra los coherederos de la Sucn. de Luis Báez Díaz (en adelante, "causante"), que está compuesta por *Lybia Grisselle Vientós Pacheco* (viuda del causante y designada "Ejecutora Universal" vía testamento abierto), *Luisa G. Báez Vientós* y *María L. Báez Vientós* (hijas del causante del segundo matrimonio), (en conjunto, "Recurridas" o "parte recurrida"). En resumen, alegaron que —*como coherederos universales e hijos del primer matrimonio del causante*— no se les estaba proveyendo información sobre los manejos del caudal de la sucesión. Por lo que, entre otras, solicitaron al TPI que les ordenara a las **Recurridas** a reunirse con estos para proveerles la información y los documentos dirigidos a la administración y partición del caudal relicto.[1]

Luego de varios trámites, el **1 de marzo de 2024** las **Recurridas** instaron la *Contestación a la Demanda.*[2] En síntesis, negaron las alegaciones y arguyeron que la demanda se debía a la insatisfacción de los **Hermanos Báez Vallecillo** en torno a la voluntad del causante, pues lo único que se buscaban con la presentación del pleito era afectar y lacerar el curso ordinario de los procedimientos y funciones de la *Vda. y coheredera Lybia Grisselle Vientós Pacheco* como **Ejecutora Universal** de la Sucn. de Luis Báez Díaz.

El **24 de abril de 2024**, las partes presentaron el *Informe para el Manejo del Caso*. En lo pertinente, surge de dicho informe que, las **Recurridas** anunciaron al Lcdo. Edgardo J. Arreizaga Soto como testigo, para declarar sobre sus funciones como designado **contador partidor** de la Sucesión Luis Báez Díaz; a su vez, los **Peticionarios**

---

[1] Véase, Apéndice de los Peticionarios, TA-SUMAC NÚM. 1.
[2] Véase, Apéndice de los Peticionarios, TA-SUMAC NÚM. 40.

indicaron que le tomarían una deposición a dicho **contador partidor**.[3]

Tras varios incidentes procesales, el **1 de octubre de 2024**, las **Recurridas** presentaron una *Moción Informativa y Solicitud de Orden*. Indicaron que —en virtud del nombramiento del Lcdo. Edgardo J. Arreizaga Soto como **contador partidor** (en adelante, "Contador Partidor" o "Lcdo. Arreizaga Soto")— solicitaban la paralización de los procedimientos judiciales con el fin de evitar una duplicidad de funciones entre el TPI y el nombrado Contador Partidor.[4]

El **17 de octubre de 2024**, los **Hermanos Báez Vallecillo** presentaron su *Oposición a Moción Informativa y Solicitud de Orden*.[5] En resumen, se opusieron al nombramiento del Lcdo. Arreizaga Soto como **Contador Partidor** y a la paralización del pleito. En lo pertinente, arguyeron lo siguiente:

> **(1)** la contratación por Lybia Vientós Pacheco (la "Albacea") del licenciado y CPA Edgardo Areizaga para que este finalmente forme el inventario de los bienes del caudal relicto del Dr. Luis Báez Díaz (QEPD), valore los mismos y prepare un borrador de cuaderno particional, no constituye un nombramiento o designación de un "contador partidor" con potestades análogas a las de un comisionado especial a tenor con los artículos 600 a 604 del Código de Enjuiciamiento Civil, 32 L.P.R.A. §§ 2621 a 2624; **(2)** en cualquier caso, el licenciado Areizaga está impedido de actuar como contador partidor con potestades análogas a las de un comisionado especial en este caso ya que su imparcialidad se ha visto irremediablemente comprometida; y **(3)** la designación de un contador partidor en este caso, sea quien sea, no debe interferir con el descubrimiento de prueba en curso, […].[6]

El **8 de noviembre de 2024**, las **Recurridas** instaron una *R[é]plica a "Oposición a Moción Informativa y Solicitud de Orden"*.[7] En síntesis, arguyeron que no existía impedimento legal alguno para el nombramiento del **Contador Partidor** —por parte de la Ejecutora Universal—. Así, reiteraron que lo resuelto por el Tribunal Supremo

---

[3] Véase, Apéndice de los Peticionarios, TA-SUMAC NÚM. 48.
[4] Véase, Apéndice de los Peticionarios, TA-SUMAC NÚM. 102.
[5] Véase, Apéndice de los Peticionarios, TA-SUMAC NÚM. 107.
[6] Énfasis nuestro.
[7] Véase, Apéndice de los Peticionarios, TA-SUMAC NÚM. 110.

de Puerto Rico en el caso, *Tous Rodríguez v. Sucn. Tous Oliver et al*, 212 D.P.R. 686 (2023), definía que el Contador Partidor ejercía funciones análogas a las de un Comisionado Especial, según dispuesto en la Regla 41 de Procedimiento Civil.[8] Destacaron que esas facultades incluían exigir prueba, decidir sobre la admisibilidad de la misma, examinar testigos, mantener un expediente detallado de la prueba ofrecida y excluida, expedir citaciones, entre otras funciones.

El **27 de diciembre de 2024**, el TPI emitió una *Resolución Interlocutoria*, en la que resolvió lo siguiente:

> Evaluada la moción informativa y solicitud de orden (Sumac 102), así como la oposición a moción (Sumac 107) y réplica (Sumac 110), el Tribunal determina lo siguiente: **Se declara Sin Lugar la moción solicitando la paralización de los procedimientos (Sumac 102)**.[9]

El **10 de enero de 2025**, las **Recurridas** presentaron una *Moción de Reconsideración a Resolución Interlocutoria SUMAC 120*. En resumen, reiteraron que ante la designación del Contador Partidor procedía la paralización de los procesos.[10] En oposición, el **30 de enero de 2025** los **Hermanos Báez Vallecillo** instaron *Oposición a Moción de Reconsideración de la Entrada 120*.[11]

El **27 de mayo de 2025**,[12] el TPI dictó una *Resolución Interlocutoria*,[13] en la que reiteró la no paralización de los procesos judiciales, no obstante, indicó que dicha paralización no impedía que el Lcdo. Arreizaga Soto ejerciera sus funciones como **Contador Partidor**. A continuación citamos *in extenso,* lo allí resuelto:

> Examinada la moción de reconsideración en Sumac 122, así como la oposición a moción en Sumac 133, este Tribunal se reitera en su dictamen de no paralizar los procedimientos judiciales hasta que se prepare el cuaderno particional. **Ahora bien, nuestra determinación no impide que el Lcdo. Edgardo J. Areizaga Soto ejerza sus funciones y cumpla su encomienda como contador**

---

[8] 32 L.P.R.A. Ap. V, R. 41.
[9] Nótese que el TPI no dijo nada sobre el nombramiento del Contador Partidor. Véase, Apéndice de los Peticionarios, TA-SUMAC NÚM. 120. Énfasis nuestro.
[10] Véase, Apéndice de los Peticionarios, TA-SUMAC NÚM. 122.
[11] Véase, Apéndice de los Peticionarios, TA-SUMAC NÚM. 133.
[12] Notificada el 30 de mayo de 2025.
[13] Véase, Apéndice de los Peticionarios, TA-SUMAC NÚM. 152.

> **partidor designado por la Ejecutora Universal de la Sucesión Luis Báez Díaz**.
>
> La decisión del Tribunal Supremo en el caso de *Tous vs. Sucesión Tous*, 212 DPR 686 (2023), <u>a nuestro entender, lo que resuelve es que no procede la designación de un comisionado especial si este fuera a llevar a cabo las mismas funciones análogas a las de un contador partidor ya existente. Asimismo, en el caso no se menciona que sea incompatible que el proceso de partición, a través del contador partidor, continúe mientras se realiza el descubrimiento de prueba.</u> **En el presente caso no se ha nombrado un comisionado especial. Por lo tanto, no es de aplicación el caso de *Tous vs. Sucesión Tous, supra*.**
>
> <u>Las partes tienen un término final de 30 días para culminar el descubrimiento de prueba. Además, se le concede 45 días a la Ejecutora Universal para preparar el inventario, incluyendo el avalúo, y 90 días para presentar el cuaderno particional.</u>[14]

El **26 de agosto de 2025**, el Lcdo. Areizaga Soto presentó en su carácter de **Contador Partidor**, una *Moción Solicitando Término Adicional,* hasta el 12 de septiembre de 2025 para presentar el Cuaderno Particional.[15]

El **28 de agosto de 2025**, los **Hermanos Báez Vallecillo** instaron una *Oposición a Moción Solicitando Término Adicional*.[16] Aunque no se oponían a la extensión de término solicitado por el Lcdo. Arreizaga Soto, los **Peticionarios** volvieron a argüir que este no podía ser considerado como **Contador Partidor**, ya que no había sido, ni podía ser designado para actuar en esa función con las potestades de un Comisionado Especial, a tenor con los Artículos 600 a 603 del Código de Enjuiciamiento Civil.[17] Por lo cual, solicitaron que el TPI aclarase —de una vez y por todas— la situación antes dicha.

El **8 de septiembre de 2025**, el TPI dictó y notificó una *Resolución Interlocutoria* **recurrida**. Allí, declaró *Con Lugar*, el término adicional solicitado por el Lcdo. Arreizaga Soto para presentar el cuaderno particional. Además, procedió a aclarar las

---

[14] Énfasis nuestro.
[15] Véase, Apéndice de los Peticionarios, TA-SUMAC NÚM. 188.
[16] Véase, Apéndice de los Peticionarios, TA-SUMAC NÚM. 191.
[17] 32 L.P.R.A. §§ 2621 a 2624.

funciones de este como **Contador Partidor**.[18] En lo pertinente, dispuso lo siguiente:

> Se declara Con Lugar la solicitud de término adicional del Lcdo. Edgardo J. Areizaga Soto para preparar el cuaderno particional. **El licenciado Areizaga, contador partidor designado por la Ejecutora Universal, tiene las facultades que le confiere el artículo 1747 del Código Civil de 2020, además de las que surgen de los artículos 601 al 603 del Código de Enjuiciamiento Civil**. [...].[19]

Inconformes, el **25 de septiembre de 2025**, los **Hermanos Báez Vallecillo** acuden a este foro intermedio mediante el recurso de *certiorari* y alegan que el TPI cometió el siguiente error:

> ERRÓ EL TPI AL DECIDIR QUE LA CONTRATACIÓN POR LA EJECUTORA UNIVERSAL DEL CPA AREIZAGA PARA QUE LE ASISTA EN LA PREPARACIÓN DEL INVENTARIO, AVALÚO Y PREPARACIÓN DEL CUADERNO PARTICIONAL EN ESTE CASO CONSTITUYÓ EL NOMBRAMIENTO O DESIGANCIÓN DE UN CONTADOR PARTIDOR CON POTESTADES ANÁLOGAS A LAS DE UN COMISIONADO ESPECIAL A TENOR CON LOS ARTÍCULOS 600 A 604 DEL CÓDIGO DE ENJUICIAMIENTO CIVIL.[20]

Tras unos trámites conducentes al perfeccionamiento de este recurso, el **16 de octubre de 2025**, la **parte recurrida** presentó dos (2) escritos por separado. El **primero**, *Moción de Desestimación de Certiorari por Falta de Jurisdicción*.[21] Nos solicita la desestimación del recurso por haberse presentado tardíamente, ya que el error señalado en la petición de *certiorari* de los **Peticionarios** fue atendido y descartado en la *Resolución Interlocutoria* dictada el 27 de mayo de 2025 y notificada el 30 de mayo de 2025.

De no acoger la desestimación antes dicha, las **Recurridas** presentan el **segundo** escrito, *Oposición a Expedición de Auto y Alegato en Oposición al Certiorari*.[22] En resumen, aducen que la petición de *certiorari* no cumple con los rigores de ley para su expedición, por lo que nos solicitan que deneguemos el auto solicitado.

---

[18] Véase, Apéndice de los Peticionarios, TA-SUMAC NÚM. 194.
[19] Énfasis nuestro.
[20] Véase, Apéndice de los Peticionarios, TA-SUMAC NÚM. 1.
[21] Véase, TA-SUMAC NÚM. 6.
[22] Véase, TA-SUMAC NÚM. 7.

Así, el **20 de octubre de 2025**, nos dimos por enterados de ambos escritos y declaramos que el recurso quedó perfeccionado para la consideración del Panel Especial.

**-II-**

**-A-**

De entrada, el Artículo 1732 del nuevo Código Civil de 2020 define la figura del **Ejecutor Universal** con **múltiples** facultades correspondientes al albacea, al administrador y al contador partidor. Incluso, cuando la designación testamentaria **no especifique sus facultades**, el Ejecutor Universal tendrá **todas** las que le confiere el presente título. En específico, el referido Artículo 1732, dispone que:

> El ejecutor universal es la persona que recibe del testador las encomiendas y las facultades correspondientes al albacea, al administrador y al contador partidor.
> Cuando la designación testamentaria no especifica las facultades del ejecutor, este tiene **todas** las que le confiere el presente título.[23]

Nótese que, a la luz del nuevo del Código Civil de 2020, el legislador quiso —como cuestión práctica— que la figura del Ejecutor Universal reuniera **todas** las encomiendas y facultades correspondientes al albacea, al administrador y al contador partidor, **salvo** que el testador exprese lo contrario.

A tono con lo antes dicho, no es coincidencia que el Artículo 1739 del Código Civil de 2020, define la función del **Albacea** como *la persona designada expresamente por el testador para **ejecutar o vigilar la ejecución de su última voluntad**.*[24] Todavía más, el Artículo 1742 del Código Civil de 2020, faculta al **Administrador** de la herencia a adoptar todas medidas posibles dirigidas a conservar, proteger, aumentar y distribuir el caudal relicto a todas las personas que tengan derecho recibirlo.[25] Por último, el Artículo 1747 del

---

[23] 31 L.P.R.A. § 11495. Énfasis nuestro.
[24] 31 L.P.R.A. § 11511.
[25] Artículo 1742. **Administrador; definición**. El administrador de la herencia es la persona designada para que adopte todas las medidas dirigidas a conservar el patrimonio hereditario y aumentarlo, en lo posible, hasta que pueda distribuirse entre las personas que tienen derecho a recibirlo. 31 L.P.R.A. § 11521. Énfasis nuestro.

Código Civil de 2020, define al **Contador Partidor** como *la persona designada para realizar la liquidación, la división y la adjudicación de los bienes hereditarios.*[26]

### -II-

### -B-

Como bien ha señalado el Tribunal Supremo de Puerto Rico, el auto de *certiorari* constituye *"un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior".*[27] Es decir, por discreción se entiende como *"tener poder para decidir en una forma u otra, esto es, para escoger entre uno o varios cursos de acción".*[28]

En ese sentido la Regla 52.1 de Procedimiento Civil delimita las instancias en que este foro habrá de atender y revisar mediante el recurso en discusión las resoluciones y órdenes emitidas por los tribunales de primera instancia, a saber:

> [E]l recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, <u>solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo</u>. No obstante, y por <u>excepción</u> a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. <u>Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión</u>.
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.[29]

Con el fin de que podamos ejercer de una manera prudente nuestra facultad discrecional —de entender o no en los méritos de

---

[26] 31 L.P.R.A. § 11531.
[27] *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).
[28] *García v. Asociación*, 165 DPR 311, 321 (2005).
[29] 32 L.P.R.A. Ap. V, R. 52.1. Énfasis nuestro.

los asuntos que son planteados mediante este recurso— nuestros oficios se encuentran enmarcados en la Regla 40 del Reglamento del Tribunal de Apelaciones,[30] que establece los criterios que debemos tomar en consideración para determinar la procedencia de la expedición de este recurso; a saber:

(A)    Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B)    Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C)    Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D)    Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E)    Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F)    Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)    Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Siendo la característica distintiva para la expedición de este recurso la discreción conferida al tribunal revisor, el Tribunal Supremo de Puerto Rico ha dispuesto que:

[D]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.[31]

De manera, que, si la actuación del foro recurrido no está desprovista de base razonable, ni perjudica los derechos sustanciales de las partes, deberá prevalecer el criterio del juez de primera instancia a quien le corresponde la dirección del proceso.[32]

---

[30] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62 – 63, 215 DPR __ (2025).
[31] *IG Builders et al. v. BBVAPR, supra*, pág. 338; *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[32] *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013); *Sierra v. Tribunal Superior*, 81 DPR 554, 572 (1959).

**-III-**

Esbozado el tracto procesal y el derecho antes discutido, abordemos la controversia que nos ocupa. En síntesis, los **Peticionarios** arguyen que el TPI erró al avalar la actuación de la Ejecutora Universal al designar al Lcdo. Arreizaga Soto como el Contador Partidor con todas las facultades de ley.

**En primer orden**, debemos resolver la cuestión de falta de jurisdicción planteada por las **Recurridas**. Sabido es que los tribunales venimos obligados a considerar estos asuntos prioritariamente, incluso, en ausencia de planteamiento a tales efectos.[33]

En la *Moción de Desestimación de Certiorari por Falta de Jurisdicción*, la **parte recurrida** nos solicita la desestimación del presente recurso por haberse presentado tardíamente, ya que el error señalado en la petición de *certiorari* de los **Peticionarios** fue resuelto en la *Resolución Interlocutoria* dictada el 27 de mayo de 2025 y notificada el 30 de mayo de 2025. No tiene razón.

El **8 de septiembre de 2025**, el TPI notificó la *Resolución Interlocutoria* **recurrida**, y es —**por primera vez aclara**— que resuelve que *el licenciado Areizaga, contador partidor designado por la Ejecutora Universal, tiene las facultades que le confiere el artículo 1747 del Código Civil de 2020, además de las que surgen de los artículos 601 al 603 del Código de Enjuiciamiento Civil.* [...].[34] En las resoluciones anteriores no hizo dicha aclaración, a pesar de que los **Peticionarios** expresamente la habían solicitado. En consecuencia, contamos con jurisdicción para atender el recurso de *certiorari* interpuesto.

**En segundo orden**, nos toca examinar si la *Resolución Interlocutoria* recurrida emitida por el TPI resultó arbitraria,

---

[33] *AAA v. Unión Abo. AAA,* 158 D.P.R. 273, 279 (2002).
[34] Énfasis nuestro.

caprichosa, errada en derecho o constituye un craso abuso de su discreción o fracaso de la justicia que requiera nuestra intervención.

Un examen objetivo del tracto procesal reseñado y el derecho esbozado, no nos conduce a intervenir con la determinación del TPI que en este caso avaló la actuación de la **Ejecutora Universal** —que en virtud de sus facultades— designó al Lcdo. Arreizaga Soto como el Contador Partidor de la Sucn. de Luis Báez Díaz.

Entiéndase, que en este caso no existe ninguna de las circunstancias o excepciones contempladas en la Regla 52.1 de Procedimiento Civil, *supra,* que nos permita intervenir con la *Resolución Interlocutoria* recurrida. Tampoco encaramos ninguno de los criterios de la citada Regla 40 del Reglamento del Tribunal de Apelaciones que nos mueva a variar el dictamen recurrido.

En consecuencia, **denegamos** la expedición del recurso de *certiorari.*

**-IV-**

Por los fundamentos antes expuestos, no se expide el auto de *certiorari* solicitado.

Por ende, devolvemos el asunto —sin que se requiera al TPI esperar por el mandato— para que continúen con los procedimientos según pautados.

Lo acordó el Tribunal y certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones